# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 14-30071,
consolidated with No. 14-30072

_____

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2014

Lyle W. Cayce
Clerk

STATE OF LOUISIANA, on behalf of insured(s)/assignor(s)/subrogor(s),

Plaintiff – Appellee

v.

AMERICAN NATIONAL PROPERTY & CASUALTY COMPANY;
AMERICAN NATIONAL GENERAL INSURANCE COMPANY; ANPAC
LOUISIANA INSURANCE COMPANY,

Defendants – Appellants

_____

Appeals from the United States District Court
for the Eastern District of Louisiana

_____

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this Class Action Fairness Act ("CAFA") case, having roots in Hurricane Katrina and arising from a state program to assist homeowner victims, the defendant, American National Property & Casualty Company ("ANPAC"), appeals the judgment of the district court holding that it lacked subject matter jurisdiction over the case. This case was initiated as a class action, in state court under state law, by the State of Louisiana (the "State"). The State brought the suit against several insurers, including ANPAC, to recover on the homeowner insurance policies purchased by individual Louisiana citizens but assigned by the respective policy holders to the State in

return for State financial assistance in repairing and rebuilding their homes in the wake of the hurricanes.  The defendant insurance companies removed the case to federal court, asserting jurisdiction under CAFA.  The federal court certified a question relating to the legality of the assignment of the policies to the Supreme Court of Louisiana.  After the Louisiana Supreme Court held that, under Louisiana law, the insurance policies at issue must be considered individually, the State dropped its class allegations and severed this individual action from the original class action case.  Thus arose the question of federal jurisdiction over these individual cases, once part of the CAFA class action.  Although an earlier opinion from this court had held that CAFA provided federal jurisdiction over the class, the district courts held that these severed individual actions must have their own independent federal jurisdictional basis and found none.  Because they lacked an independent basis for federal jurisdiction, the district courts remanded the cases to state court.

We hold that the general rule regarding federal jurisdiction over a removed case controls here: Jurisdictional facts are determined at the time of removal, not by subsequent events.  Because at the time of removal CAFA supplied federal subject matter jurisdiction over these cases – as a prior panel of this court explicitly had held – we hold that CAFA continues to provide jurisdiction over these individual cases notwithstanding their severance from the class.  Accordingly, we REVERSE the judgments of the district courts and REMAND for further proceedings not inconsistent with this opinion.

I.

As a result of the damage inflicted on Louisiana by Hurricanes Katrina and Rita, the State of Louisiana – with funding from the Department of Housing and Urban Development – initiated the Louisiana Road Home program.  Through this program, the State distributed funds to residents to assist efforts to rebuild homes damaged by the hurricanes.  In return for these

funds, and to avoid the homeowners recovering duplicate payments from multiple sources, citizens participating in the Road Home program were required to assign to the State the homeowner's rights against his insurer up to the amount received from the program.

In August 2007, the State initiated a class action lawsuit in Louisiana state court to recover on the insurance policies of its citizens. The suit was brought under Louisiana Code of Civil Procedure Article 591(A) – a state class action statute – and named several insurance companies as defendants. This "Road Home Litigation" has been ongoing ever since. We will only recount the relevant procedural steps that have brought the case before this panel.

After the Road Home Litigation was filed, the insurance company defendants removed the case to federal court. The State moved to remand arguing that the court lacked subject matter jurisdiction. The defendants argued, and the district court agreed, that because the case was brought under a state class action statute, more than $5,000,000 was in controversy, and minimal diversity existed, CAFA supplied federal subject matter jurisdiction. The State requested permission to appeal the district court's denial of its motion to remand. This court granted permission to appeal, and subsequently affirmed the judgment of the district court holding that CAFA supplied federal jurisdiction. *In re Katrina Canal Litig. Breaches*, 524 F.3d 700, 705–12 (5th Cir. 2008).

Federal jurisdiction having been established, the case continued in the district court. The defendants next filed a motion to dismiss the State's claims arguing that, under Louisiana law, homeowners were forbidden to assign their recovery to the State under the anti-assignment clauses in the respective insurance policies. The State countered that these anti-assignment provisions did not apply to post-loss assignments. Again, this issue was litigated and appealed to this court. Recognizing that the issue was novel and dispositive,

3

this court certified the question to the Louisiana Supreme Court. The Louisiana Supreme Court accepted the certified question and responded that applying anti-assignment clauses to post-loss assignments did not violate Louisiana public policy, but that "it must be evaluated on a policy by policy basis." *In re Katrina Canal Breaches Litig.*, 63 So. 3d 955, 957 (La. 2011).[1]

In reaction to this ruling, the district court handling the litigation ordered the claims on behalf of each individual severed from the collective action and directed the State to file a new amended complaint for each individual claim. Accordingly, the State filed 1,504 amended complaints, each encompassing its claim on behalf of each respective policy holder; each was given a new case number and randomly assigned to a district judge.

Following the severance, the district judges ordered ANPAC to show cause why, now severed from the alleged CAFA class action, these cases should not be remanded to state court. ANPAC responded that jurisdictional facts of a case removed from state court are assessed at the time of removal and are not affected by later events, and further, because this court unambiguously held that CAFA supplied jurisdiction at the time of removal, it was clear that post-removal events could not divest the court of jurisdiction. The district courts disagreed and held that they lacked jurisdiction. The district courts relied on *Honeywell Int'l, Inc. v. Phillips Petroleum Co.*, in which this court stated that "a severed action must have an independent jurisdictional basis." 415 F.3d 429, 431 (5th Cir. 2005). The district courts held that once these cases were individually severed from their former home in the class action, CAFA did not supply jurisdiction; furthermore, the courts lacked diversity

---

[1] Subsequent to this decision, the State settled with all of the defendants save ANPAC. These settlements reduced the number of claims (i.e. individuals on whose behalf the State was attempting to collect) from about 160,000 to 1,504.

4

No. 14-30071 c/w 14-30072

jurisdiction because the amount in controversy was less than $75,000.  The district courts thus entered orders remanding the cases to state court.

Pursuant to 28 U.S.C. § 1453(c), ANPAC petitioned this court for permission to appeal the remand order.  Because we recognized that this case presents an important CAFA-related question both for this case and for the other individual actions currently pending, and because the record before us was sufficiently developed, we granted permission to appeal.  *See, e.g., Coll. of Dental Surgeons of P.R. v. Conn. Gen. Life Ins. Co.*, 585 F.3d 33, 38–39 (1st Cir. 2009) (discussing factors to consider in granting permission to appeal a district court's remand order in a CAFA case).

## II.

## A.

As presented to us, we have two competing principles that address federal jurisdiction in these removed cases.  The first is a long-established general rule, holding that jurisdictional facts are determined at the time of removal, and consequently post-removal events do not affect that properly established jurisdiction.  *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 569–70 (2004) (recognizing "the general rule that, for purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing"); *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991) (per curiam) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events."); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264–65 (5th Cir. 1995) (recognizing that removal jurisdiction is determined on

the basis of the complaint at the time of removal).[2] The other rule at issue in this appeal constitutes an exception to the general rule and requires that an action severed from the original case must have an independent jurisdictional basis, which in turn calls for jurisdictional facts to be determined post-removal, at the time of severance. *Honeywell*, 415 F.3d at 431 ("[A] severed action must have an independent jurisdictional basis."). We start from the proposition that the general time-of-removal rule applies unless the *Honeywell* exception is applicable to these facts.

Reviewing the district court's remand order de novo, *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 272 (5th Cir. 2009), we find that this exception relating to severed cases, announced in *Honeywell*, does not apply as broadly as the State suggests. We reach this conclusion based on several considerations that we now discuss.

B.

1.

We begin by considering the factual and legal context underlying *Honeywell*'s statement that "a severed action must have an independent jurisdictional basis." *Honeywell*, 415 F.3d at 431. In *Honeywell*, the claim at issue had never been invested with original federal jurisdiction. That is, at the time the third-party claim (the severed claim) in *Honeywell* was filed, the district court exercised only its supplemental jurisdiction over the claim – recognizing it as related to the underlying federally-based case. *Id.*

---

[2] The State argues that subsequent developments in these cases have demonstrated that jurisdiction did not exist even at the time of removal. This argument is unavailing especially in the light of the prior panel opinion squarely holding that CAFA provides federal jurisdiction. *In re Katrina Canal Litig. Breaches*, 524 F.3d at 705–12. Although when subsequent discovery reveals that alleged jurisdictional *facts* were untrue at the time of removal a court may hold that jurisdiction was lacking at the time of removal, the State has made no meritorious argument that any alleged facts have been discovered to be untrue.

No. 14-30071 c/w 14-30072

The legal authority *Honeywell* cited to support its proposition that federal jurisdiction must be established anew for severed claims related only to a particular species of severed claims – claims that were never infused with original jurisdiction, but state claims that were tagging along in the tail wind of the original federal claims. Specifically, the panel relied on *United States v. O'Neil*, 709 F.2d 361 (5th Cir. 1983) and 28 U.S.C. § 1367. *O'Neil*, like *Honeywell*, dealt with the severance of counterclaims over which the district court had apparently exercised only supplemental jurisdiction. *O'Neil*, 709 F.2d at 365. *O'Neil* held that these severed counterclaims required an independent jurisdictional basis if they were going to stay in federal court; they simply had never, at any point, established a federal jurisdictional basis independent of the underlying federal claim. *Id*. at 375. Thus, *O'Neil* does not support the broad application the State urges – overruling the customary time-of-removal rule with respect to claims that are original federal claims at the time they were removed to federal court.

Similarly, *Honeywell*'s citation of and reliance on § 1367 further, and strongly, supports the conclusion that its statement, although cast in broad language, only applies to claims based on supplemental jurisdiction. Section 1367 grants the district court the discretion to exercise supplemental jurisdiction over related state claims that have been joined "in the action within such original jurisdiction." Thus, when the related state claim is severed from the federal claim, the once-upon-a-time related claim is no longer a related claim because there is no federal claim to which it can relate; nor does the claim any longer supplement the federal claim, and supplemental jurisdiction was the only support for its brief federal life.

Neither is § 1367 authority for the broader rule that the State urges. The section contains nothing to suggest that a court which has original federal jurisdiction over a claim is stripped of that jurisdiction when the claim is

severed from a claim that itself embodies original jurisdiction. Here, these individual claims are not *related* claims subject to § 1367; they are the specific claims over which the district courts had possessed original jurisdiction at the time of removal and later were adjudicated to be federal claims.

To sum up: *Honeywell* examined a severed third-party claim that the district court had only exercised supplemental jurisdiction over. In support of its ruling that severed claims require an independent jurisdictional basis, *Honeywell* cited *O'Neil*, a case dealing with the severance of claims that enjoyed only supplemental jurisdiction, and the code section granting supplemental jurisdiction, which constrains the exercise of supplemental jurisdiction to claims within the same action. These contextual markers strongly suggest that *Honeywell*'s statement was not intended to apply to severed claims that enjoyed original federal jurisdiction, but instead was only applicable to situations like that before the *Honeywell* court involving the severance of "related" claims.

2.

Furthermore, the subsequent history of *Honeywell* also suggests that a broad reading of the case should be avoided. No court of appeals has ever cited *Honeywell* for the proposition that severed actions require an independent jurisdictional basis. Nor have we found another case in our circuit or in any other circuit that states, so sweepingly, this exception to the time-of-filing rule; nor have we seen analysis that gainsays a limited application of *Honeywell* to claims based on supplemental jurisdiction. And we certainly have found no circuit court cases that apply the rule in *Honeywell* to severed claims over which the district court had original jurisdiction at the time of removal.

The State's reading of *Honeywell* finds some limited support in the opinions of some federal district courts. With the exception of several district court decisions within this Road Home Litigation, we have, however, found no

district court case that applies *Honeywell* to a claim that enjoyed original jurisdiction prior to severance. *See, e.g., Admiral Ins. Co. v. Health Holdings USA, Inc.*, No. Civ. A. 3:03CV1634-G, 2005 WL 3500286, \*1–3 (N.D. Tex. Dec. 21, 2005) (applying *Honeywell* to severed counterclaims). And the only district court that has faced the precise issue we face – the intersection of *Honeywell* and the time-of-removal rule in CAFA cases – held that *Honeywell* was not applicable because it does not apply to severed claims that enjoyed original jurisdiction prior to severance. *Helm v. Alderwoods Group, Inc.*, No. C 08–01184 SI, 2011 WL 2837411, \*1–3 (N.D. Cal. July 18, 2011) (holding that individual actions severed from CAFA class action do not require an independent jurisdictional basis because *Honeywell* applies only to severed claims that were dependent on the presence of other parties or claims in the suit).

This subsequent history further suggests that *Honeywell*'s statement, though phrased broadly and without exception, should be applied only to severed claims that find themselves in federal court on the basis of supplemental jurisdiction.

3.

Next, applying *Honeywell*'s statement to this case would likely run afoul of the statutory language of CAFA. The text of CAFA states that federal jurisdiction will extend to "class actions" with minimal diversity and at least $5,000,000 in controversy. 28 U.S.C. § 1332(d)(2). The statute defines "class action" as "any civil action *filed*" under Rule 23 or a state class action statute. *Id.* at § 1332(d)(1)(B) (emphasis added). Thus, federal jurisdiction under the statutory provision of CAFA is explicitly concerned with the status of an action when filed – not how it subsequently evolves. And, it is undisputed that this action was *filed* as a class action, consistent with the standards of the statute.

No. 14-30071 c/w 14-30072

Similarly, the legislative history of CAFA indicates that the time-of-removal rule was to be applied in these cases.  The Senate Report on the bill reflects concerns about post-filing events either creating or destroying federal jurisdiction.  *See* S. Rep. 109-14, at 70 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 65.  The Senate Report dismisses these concerns as "unfounded" recognizing that "[w]ell-established law exists to resolve these questions, and [CAFA] does not change–or even complicate–the answers to these questions."  *Id.*  The Senate Report goes on to state that "[c]urrent law (that [CAFA] does not alter) is also clear that, once a complaint is properly removed to federal court, the federal court's jurisdiction cannot be 'ousted' by later events."  *Id.*  Thus, the Senate Report is a further indication that *Honeywell* should not be applied to this case; instead, CAFA provides original jurisdiction, determined at the time of removal.

4.

Finally, we doubt that the statement in *Honeywell* could apply as broadly as the State suggests in the light of the overwhelming authority with which it would pose conflicts if given this broad reading.

The State's reading of *Honeywell* would obviously constitute a significant exception to the time-of-removal rule for assessing jurisdiction, a rule well entrenched in federal jurisprudence.  *See Grupo Dataflux*, 541 U.S. at 569–70. The State's reading of *Honeywell* would also certainly seem to separate us from other circuits.  Every circuit that has addressed the question has held that post-removal events do not "oust" CAFA jurisdiction.  *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009) ("[J]urisdictional facts are assessed at the time of removal; and post-removal events (including non-certification, de-certification, or severance) do not deprive federal courts of subject matter jurisdiction."); *United Steel Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1091–92 (9th Cir. 2010) (agreeing with *Vega* that "post-filing

No. 14-30071 c/w 14-30072

developments do not defeat jurisdiction if jurisdiction was properly invoked as of time of filing"); *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 381 (7th Cir. 2010) ("CAFA is, at base, an extension of diversity jurisdiction. Even in cases filed originally in federal court, later changes that compromise diversity do not destroy jurisdiction."); *Buetow v. A.L.S. Enters., Inc.*, 650 F.3d 1178, 1182 n.2 (8th Cir. 2011) ("[CAFA jurisdiction] continued despite the district court's denial of Plaintiffs' motion for class certification."); *Metz v. Unizan Bank*, 649 F.3d 492, 500 (6th Cir. 2011) ("We agree with the other circuits that have addressed this issue and hold that denial of class certification does not divest federal courts of jurisdiction." (internal quotation marks omitted)).

It is true, as the State points out, that none of the subsequent events in these cases involved a claim actually severed from the original case. But on the other hand, the severed claim in *Honeywell* was not a claim suffused with original federal jurisdiction at the time of removal, as indeed the instant severed claims were. In the face of this overwhelming and unanimous authority, we are unwilling to isolate our circuit on so thin a distinction as a single broad, unexplicated statement taken out of context.

### III.

In sum, we hold that at the time of removal, these claims clearly possessed original federal jurisdiction as an integrated part of the CAFA class action. *Honeywell*'s statement – that severed actions require an independent jurisdictional basis – applies only to severed claims that are based on supplemental jurisdiction. Consequently, we find the *Honeywell* exception is inapplicable here and hold that the usual time-of-removal rule controls this appeal, and federal jurisdiction is properly exercised over these severed cases.

For the reasons stated herein, the judgments remanding to state court are REVERSED, and the cases are hereby REMANDED to the federal district courts *a quo* for further proceedings not inconsistent with this opinion.