Theodore J. THOMPSON,
Plaintiff–Appellant,

v.

GREYHOUND LINES, INCORPORAT-
ED; Colonial Trailways, Incorporated;
Terry Reeves, Defendants–Appellees.

No. 13–60829
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 27, 2014.

Theodore J. Thompson, Pensacola, FL,
pro se.

Douglas H. Bagwell, Esq., Carr Allison,
Gulfport, MS, James Lynn Perry, Daniell,
Upton & Perry, Daphne, AL, James M.
Dill, Esq., Dill Law Firm, Lafayette, LA,
for Defendant–Appellee.

Before DAVIS, SOUTHWICK, and
HIGGINSON, Circuit Judges.

PER CURIAM: *

Theodore J. Thompson ("Thompson")
originally filed this action in the United
States District Court for the Southern Dis-
trict of Alabama on September 7, 2012.
Pursuant to 28 U.S.C. § 1406, the action
was transferred to the United States Dis-
trict Court for the Southern District of

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Mississippi ("the district court") on December 13, 2012.

On November 1, 2013, the district court dismissed this case for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. According to the district court, Thompson and one of the defendants-appellees, Terry Reeves ("Reeves"), were both citizens of Florida when this action was filed in Alabama on September 7, 2012. The court therefore lacked diversity jurisdiction under 28 U.S.C. § 1332, and no federal question was asserted under 28 U.S.C. § 1331.

Thompson now appeals the district court's dismissal of his complaint. For the reasons set forth below, we affirm.

### I.

Questions of subject matter jurisdiction are reviewed de novo,[1] although "[f]acts expressly or impliedly found by the district court in the course of determining jurisdiction are reviewed for clear error."[2] "The burden of persuasion for establishing diversity jurisdiction ... remains on the party asserting it."[3] A party seeking to proceed under 28 U.S.C. § 1332 must establish complete diversity, which "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[4] Diversity jurisdiction is based on the facts at the time of filing.[5]

### II.

The district court concluded that Thompson was a Florida citizen when this lawsuit was filed in late 2012. In particular, Thompson had filed a complaint in December 2011 in the United States District Court for the Northern District of Florida in which Thompson alleged that he was a citizen of Florida. Additionally, Thompson testified in a deposition on March 14, 2013, that he had been "an associate pastor at ... one of the biggest Baptist churches in Pensacola ... for about a year [or] 14 months." Thompson also owned a motor vehicle titled in Florida, had used a Pensacola address on court filings (in another lawsuit) since December 2011, and currently has a Pensacola address. Based on the preponderance of the evidence regarding Thompson's "residence and ... intention to remain" in Florida, therefore, the district court properly concluded that Thompson was a citizen of Florida in late 2012 when this action began.[6]

Thompson argues, however, that his citizenship should be determined based on the facts as they were on April 15, 2011, when he filed an earlier lawsuit against Reeves and the other defendants-appellees in the United States District Court for the Eastern District of Arkansas. It is true that the earlier lawsuit arose out of the same factual allegations as the present

---

1. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531 (5th Cir.2006).

2. *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 721 (5th Cir.2007). *See also MetroplexCore, L.L.C. v. Parsons Transp., Inc.*, 743 F.3d 964, 971–72 n. 4 (5th Cir.2014).

3. *Hertz Corp. v. Friend*, 559 U.S. 77, 96, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010).

4. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir.2008) (quoting *McLaugh-* *lin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir.2004)).

5. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004); *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014).

6. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir.2011).

case. The Arkansas lawsuit, however, was dismissed—not transferred—for improper venue under 28 U.S.C. § 1406 on October 27, 2011. Nearly a full year passed between the dismissal of that lawsuit and the filing of the current one. Accordingly, as this and other circuit courts have held in analogous circumstances, the second complaint does not relate back to the first complaint because the second complaint was not an amendment, but rather the commencement of a separate action.[7] Although the cases applying this rule have generally addressed issues involving limitation periods, we see no reason to apply a different rule in the context of diversity jurisdiction.

Moreover, during the intervening year—between the dismissal of the Arkansas lawsuit and the filing of the Alabama lawsuit that was ultimately transferred to the Southern District of Mississippi in this case—Thompson filed yet another lawsuit against Reeves and the other defendants-appellees based on the same facts in the United States District Court for the Northern District of Florida on March 15, 2012. Thompson voluntarily dismissed that action after a United States magistrate judge entered a report and recommendation concluding that Thompson and Reeves lacked diversity of citizenship under 28 U.S.C. § 1332. "The rule in the federal courts is that the effect of a voluntary dismissal without prejudice pursuant to Rule 41(a) is to render the proceedings a nullity and leave the parties as if the action had never been brought."[8] The commencement and termination of the action in Florida therefore has no bearing on diversity jurisdiction in this case.

Accordingly, the district court was correct to disregard Thompson's citizenship on April 15, 2011, for the purposes of the "time of filing" rule in this case.[9] Even if the parties had possessed diversity of citizenship for the purposes of those proceedings based on Thompson's citizenship in Arkansas at that time, those proceedings were concluded long before the commencement of the present action in late 2012.

### III.

As explained above, the district court did not err in analyzing the facts as they were in late 2012, when the present lawsuit was commenced in Alabama and transferred to the district court. Based on these facts, the district court properly concluded that Thompson and Reeves were both Florida citizens, such that diversity jurisdiction could not be sustained under 28 U.S.C. § 1332. We therefore AFFIRM the district court's dismissal of this case.

AFFIRMED.

---

7. *See Carter v. Texas Dep't of Health*, 119 F. App'x 577, 581 (5th Cir.2004). *See also O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir.2006); *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir.2000); *Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994) ("[A] separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim.").

8. *Bonneville Associates, Ltd. P'ship v. Barram*, 165 F.3d 1360, 1364 (Fed.Cir.1999) (internal citations, quotation marks, and alterations omitted). *See also Beck v. Caterpillar Inc.*, 50 F.3d 405, 407 (7th Cir.1995) ("[T]hat suit was voluntarily dismissed pursuant to Fed. R.Civ.P. 41(a), and is treated as if it had never been filed."); *Harbor Ins. Co. v. Essman*, 918 F.2d 734, 737 n. 3 (8th Cir.1990); *Dade Cnty. v. Rohr Indus., Inc.*, 826 F.2d 983, 989 (11th Cir.1987).

9. *See Grupo Dataflux*, 541 U.S. at 570, 124 S.Ct. 1920; *Louisiana*, 746 F.3d at 636.