### GENBAND US LLC, Plaintiff,

v.

### METASWITCH NETWORKS LTD, Metaswitch Networks Corp., Defendants.

#### CIVIL ACTION NO. 2:16–CV–00582–JRG

United States District Court, E.D. Texas, Marshall Division.

Signed 03/31/2017

Kurt Max Pankratz, Benjamin Todd Pendroff, Chad Christian Walters, Christopher Scott Ponder, Douglas Mark Kubehl, James C. Williams, Jeffery Derek Baxter, Jennifer C. Tempesta, Kathryn Juffa, Matthew Edward Prosen, Monica Rae Hughes, Nicholas Alfred Schuneman, Roshan Suresh Mansinghani, Stanton A. Lewis, Susan Cannon Kennedy, Tim Joseph Calloway, Vernon Edward Evans, Kevin A. Smith, Baker Botts LLP, Christopher Bailey Trowbridge, Craig Joseph Cox, Michael J. Kawalek, Bell Nunnally & Martin PLLC, Dallas, TX, Peter Aaron Kerr, Shannon Marie Dacus, Deron R. Dacus, The Dacus Firm, PC, Tyler, TX, for Plaintiff.

Charles Kramer Verhoeven, Jennifer A. Kash, Aaron Bergstrom, Alexander Bromley Binder, Andrew M. Holmes, Anthony J. Moreno, Brian E. Mack, David Eiseman, IV, Grant Nicholas Margeson, Iman Lordgooei, James DuBois Judah, Lance Lin Yang, Lindsay M. Cooper, Marc L. Kaplan, Sayuri Kuo Sharper, Quinn Emanuel Urquhart & Sullivan LLP, San Francisco, CA, Andy Tindel, Gregory Blake Thompson, James Mark Mann, Mann, Tindel & Thompson, Attorneys at Law, Michael E. Jones, Patrick Colbert Clutter, IV, Sterken E. Robert, III, Potter Minton, a Professional Corporation, Tyler, TX, Crystal Riggins, Shella Deen, San Jose, CA, David Henry Hill, David Hill, Attorney at Law, Henderson, TX, for Defendant.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

RODNEY GILSTRAP, UNITED STATES DISTRICT JUDGE

Before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction or in the Alternative for Partial Summary Judgment (Dkt. No. 71) filed on November 7, 2016. For the reasons set forth below, the motion is **GRANTED** and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. Further, the Court, *sua sponte*, **DISMISSES** Defendants' counterclaims **WITHOUT PREJUDICE**.

### I. BACKGROUND

On January 21, 2014, Genband U.S. LLC filed a complaint against Metaswitch Networks Corp. and Metaswitch Networks

Ltd., alleging infringement of eight different patents in Case No. 2:14–cv–33 (the "'33 Case"). ('33 Case, Dkt. No. 1.) Metaswitch Networks Corp. and Metaswitch Networks Ltd. filed counterclaims in the '33 Case, amended on December 1, 2014, which included five state law counterclaims and one counterclaim under the Lanham Act. ('33 Case, Dkt. No. 95 at 52–67.) In parallel to these proceedings, Metaswitch Networks Ltd. filed a complaint against Genband U.S. LLC and Genband Management Services Corp. on July 7, 2014, alleging infringement of seven different patents in Case No. 2:14–cv–744 (the "'744 Case"). ('744 Case, Dkt. No. 1.) Genband U.S. LLC's and Genband Management Services Corp.'s counterclaims in the '744 Case, amended on April 16, 2015, included five different patent infringement counterclaims and four state law counterclaims. ('744 Case, Dkt. No. 75 at 26–51.) In this same suit, Metaswitch Networks Ltd. reasserted four of its six counterclaims from the '33 Case. ('744 Case, Dkt. No. 74 at 41–50.)

On June 29, 2015, the Court entered an order to stay all non-patent claims and counterclaims in the '33 Case. ('33 Case, Dkt. No. 252 at 1.) The Court subsequently entered an order on July 20, 2015 to stay all non-patent counterclaims in the '744 Case. ('744 Case, Dkt. No. 123 at 1.) Both the '744 and the '33 Cases proceeded to trial, and all patent claims and counterclaims were resolved. ('744 Case, Dkt. No. 348; '33 Case, Dkt. No. 480.) After both trials, the Court lifted the stays and severed all non-patent claims and counterclaims from the '744 and '33 Cases. ('744 Case, Dkt. No. 385 at 2.) The severed claims were then consolidated into the above captioned Case No. 2:16–cv–582 (the "'582 Case"). ('744 Case, Dkt. No. 385 at 2.)

In the '582 Case, Genband U.S. LLC ("Genband" or "Plaintiff") is the plaintiff and Metaswitch Networks Corp. and Metaswitch Networks Ltd. (collectively, "Metaswitch" or "Defendants") are the defendants. ('582 Case, Dkt. No. 1.) Genband's claims in the '582 Case are: (1) trade secret misappropriation under state law; (2) trade secret misappropriation under state common law; (3) tortious interference with prospective business relations under state common law; and (4) unfair competition pursuant to California law. ('582 Case, Dkt. No. 1.) Metaswitch's counterclaims in the '582 Case are: (1) breach of contract to license on FRAND/RAND terms, (2) breach of contract for the Cable-Labs agreement, (3) violation of Section 43(a)(1)(B) of the Lanham Act, (4) tortious interference with a prospective business relationship, (5) unfair competition pursuant to California law; and (6) unfair competition pursuant to a Texas state statute. ('582 Case, Dkt. No. 1.)

Metaswitch has filed a motion to dismiss all of Genband's claims for lack of subject matter jurisdiction or in the alternative for partial summary judgment. ('582 Case, Dkt. No. 71.) Metaswitch argues that because Genband's remaining claims are all state claims and are not joined with a substantial and related patent claim, they no longer have an independent jurisdictional basis. ('582 Case, Dkt. No. 71 at 7.)

## II. LEGAL STANDARD

 Congress and the Constitution together prescribe the bounds of federal courts' subject matter jurisdiction. U.S. CONST. art. III, §§ 1–2; *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391

(1994). However, this boundary must also "be policed by the courts on their own initiative . . . ." *Ruhrgas*, 526 U.S. at 583, 119 S.Ct. 1563; Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III. ANALYSIS

The Court considers two issues: (1) whether § 1338(b) confers an independent jurisdictional basis for severed claims and (2) whether the Court has the discretion to dismiss a counterclaim after the original complaint has already been dismissed.

### A. Section 1338 Does Not Confer an Independent Jurisdictional Basis for Severed Claims

■ Genband's claims in this case did not have an independent jurisdictional basis at the time of severance. *Honeywell Int'l, Inc. v. Phillips Petroleum Co.*, 415 F.3d 429, 431 (5th Cir. 2005) ("In assessing whether the district court had subject matter jurisdiction, we generally look to the time at which the action commenced. However, a severed action must have an independent jurisdictional basis." (citations omitted)). Genband argues, though, that *Honeywell* does not control this case. ('582 Case, Dkt. No. 115 at 19.) Instead, Genband relies on *Louisiana v. American National Property & Casualty Co.*, 746 F.3d 633, 637 (5th Cir. 2014), arguing that "claims in federal court via original jurisdiction do not require an independent jurisdictional basis in a severed action." ('582 Case, Dkt. No. 115 at 17.) Genband, the party seeking the exercise of jurisdiction, argues that this Court has original subject matter jurisdiction over Genband's state law claims pursuant to 28 U.S.C. § 1338(b) because (1) district courts have "original jurisdiction" over unfair competition claims joined with a substantial and related patent infringement claim and (2) the claims "infused" with original jurisdiction pursu-

ant to § 1338(b) do not require an independent jurisdictional basis when severed from a patent infringement action. ('582 Case, Dkt. No. 115 at 13–14); 28 U.S.C. § 1338(b) ("The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection, or trademark laws."). Therefore, Genband concludes, its unfair competition claims, which include its trade secret misappropriation claims, do not require an independent jurisdictional basis because the "original jurisdiction" as conferred by § 1338(b) is not revoked at severance. ('582 Case, Dkt. No. 115 at 12; '582 Case, Dkt. No. 148 at 2.)

However, Genband's reliance on *Louisiana* is misplaced. In *Louisiana*, the State initiated a class action lawsuit against several insurers in Louisiana state court to recover on homeowner insurance policies of individuals that had been assigned to the State. *Louisiana*, 746 F.3d at 634. The defendants removed the case to federal court, asserting jurisdiction under the Class Action Fairness Act ("CAFA") because there was minimal diversity and more than $5,000,000 in controversy. *Id.* After the Louisiana Supreme Court held that, under Louisiana law, the insurance policies at issue must be considered individually, the State dropped its class action allegations, and the claims on behalf of each individual were severed. *Id.* Each new complaint was given a new case number and randomly assigned to a district judge. *Id.* at 636. The district courts held that once the cases were individually severed from the class action, CAFA did not supply jurisdiction and, because there was no diversity jurisdiction, the cases should be remanded to state court. *Id.* On appeal, the Fifth Circuit held that federal jurisdiction must be established for "state claims that [are] tagging along in the tail wind of

the original federal claims." *Id.* at 637. The Fifth Circuit distinguished *Honeywell*, noting that the claim at issue in that case had never been invested with original federal jurisdiction as the claims in *Louisiana* had been. *Id.* at 637. The court concluded that a severed action must have an independent jurisdictional basis only if those claims were originally "based on supplemental jurisdiction." *Id.* at 637–38.

■ The *Honeywell* rule applies in this case because this Court never had original subject matter jurisdiction over Genband's state law claims. Rather, like the district court in *Honeywell*, this Court's authority to adjudicate Genband's state law claims was entirely based on a form of supplemental jurisdiction, namely the jurisdictional grant provided by § 1338(b). Although Genband argues that § 1338(b) confers original subject matter jurisdiction, the Fifth Circuit views § 1338(b) as a supplemental jurisdiction statute. *See Pure Foods v. Minute Maid Corp.*, 214 F.2d 792, 796 (5th Cir. 1954) (referring to 28 U.S.C. § 1338(b) as "pendent jurisdiction");*Am. Heritage Life Ins. Co. v. Heritage Life Ins. Co.*, 494 F.2d 3, 7 n.1 (5th Cir. 1974) ("28 U.S.C. § 1338(b), creating pendent jurisdiction for the claim of unfair competition."), *abrogated on other grounds by B & B Hardware, Inc. v. Hargis Indus., Inc.*, —— U.S. ——, 135 S.Ct. 1293, 1305, 191 L.Ed.2d 222 (2015). While Genband is correct that the jurisdictional issues presented in *Pure Foods* and in *American Heritage Life Insurance* are not identical to the ones in this case, the cases remain persuasive. ('582 Case, Dkt. No. 148 at 2–3.) Courts and commentators outside of this circuit have also consistently viewed § 1338(b) as a supplemental (or pendent) jurisdiction statute. *See, e.g., Verdegaal Bros., Inc. v. Union Oil Co. of Cal.*, 750 F.2d 947, 950 (Fed. Cir. 1984) ("Under 28 U.S.C. § 1338(b) .... jurisdiction of pendent claims in the district court does not compel exercise of that jurisdic-

tion");*Mattel, Inc. v. Hyatt*, 664 F.2d 757, 760–61 (9th Cir. 1981) ("For a federal court to exercise pendent jurisdiction under 28 U.S.C. § 1338(b), a 'considerable overlap' between the factual bases underlying the federal and state claims must be apparent."); Charles Wright, Arthur Miller, et. al., *Federal Practice & Procedure*§ 3582 (3d. ed. 2016) (noting that § 1338(b) "was an effort to codify what was then a common law doctrine of 'pendent jurisdiction,' which permitted federal courts to entertain claims over which there was no independent basis of subject matter jurisdiction, such as federal question or diversity of citizenship."). In sum, the overwhelming weight of relevant persuasive authority indicates that § 1338(b) provides a grant of jurisdiction that is fundamentally supplemental in nature.

■ Like § 1367, § 1338(b) grants the district court the discretion to exercise supplemental jurisdiction over related state claims that have been joined in an action with claims that do confer original jurisdiction. 28 U.S.C. § 1338(b);*Louisiana*, 746 F.3d at 638. Thus, "when the related state claim is severed from the federal claim, the once-upon-a-time related claim is no longer a related claim because there is no federal claim to which it can relate; nor does the claim any longer supplement the federal claim, and supplemental jurisdiction was the only support for its brief federal life." *See Louisiana*, 746 F.3d at 638. Therefore, Genband's claims must have an independent jurisdictional basis.

In this case, Genband's state law claims do not have an independent jurisdictional basis. Genband has asserted four separate non-patent claims: (1) trade secret misappropriation under state statutory law; (2) trade secret misappropriation under common law; (3) state common law tortious interference with prospective business relations; and (4) unfair competition pursuant to California law. ('582 Case, Dkt. No.

1.) None of these claims invoke federal question or diversity subject matter jurisdiction.[1] Accordingly, all of Genband's claims are dismissed without prejudice.

### B. This Court Can Dismiss Defendants' Counterclaim Because the Original Complaint Has Been Dismissed

■ Having dismissed Genband's claims for lack of subject matter jurisdiction, the Court turns to Metaswitch's remaining counterclaims. These counterclaims must be dismissed "unless [they] present[ ] independent grounds of jurisdiction." *Kuehne & Nagel (AG & Co) v. Geosource, Inc.*, 874 F.2d 283, 291 (5th Cir. 1989). However, even if an independent basis is present, the Court has discretion to dismiss the counterclaims once the original complaint has also been dismissed. *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 355 (5th Cir. 2004) (noting that a "district court *can* retain jurisdiction over [a] counterclaim" if the original claims are dismissed for lack of subject matter jurisdiction (emphasis added)); *see also Constantin Land Trust v. Epic Diving & Marine Servs., LLC*, No. CIV.A. 12-259, 2013 WL 1292275, at *17

(E.D. La. 2013) ("The language emphasized above in the Fifth Circuit's [opinions] indicates that the district court has discretion whether to retain a counterclaim that has an independent basis for jurisdiction when the original claim has been dismissed for lack of jurisdiction.").

#### i. Lanham Act Counterclaim

■ Metaswitch asserts, *inter alia,* a counterclaim under § 43(a)(1)(B) of the Lanham Act.[2] Generally, federal courts have original jurisdiction to hear these types of claims. 28 U.S.C. § 1331 (giving district courts "original jurisdiction" over "all civil actions arising under the ... laws ... of the United States"). Ours is not such a case. Instead, the federal question here emanates from Metaswitch's counterclaims. In this context, "[a]llowing a counterclaim to establish 'arising under' jurisdiction would ... contravene the longstanding policies underlying [Supreme Court] precedents." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002) ("[A] counterclaim generally cannot establish the original 'arising under' jurisdiction of a district court ....").[3] Ac-

---

1. Alternatively, Metaswitch argues that the claims can proceed under the Court's diversity jurisdiction by dismissing Metaswitch Networks Corp. from the case, thus creating diversity between Metaswitch Networks, Ltd. and Genband. ('582 Case, Dkt. No. 115 at 21.) The Court will not do so. Although the Court is not convinced that the rule established in *Freeman v. Northwest Acceptance Corp.* is relevant to this case, several Metaswitch Networks Corp. employees have been accused of misappropriation by Genband and the Court will not dismiss Metaswitch Networks Corp. because, as Genband reasons, Metaswitch Networks, Ltd. was allegedly the primary mastermind and beneficiary from this misappropriation. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 558 (5th Cir. 1985) ("Our holding is accordingly limited to those instances in which imputing the citizenship of a subsidiary to its parent and alleged alter ego serves the congressional purpose of denying a

federal forum to actions wholly local in character"); ('582 Case, Dkt. No. 126 at 4–5). To dismiss Metaswitch Networks Corp. solely for the purposes of creating diversity subject matter jurisdiction would be improper.

2. Defendants' claims are properly considered counterclaims both in this suit and in the lawsuit from which they originated before severance. Following *Honeywell*, the Court assesses whether jurisdiction is proper at the time of severance with respect to these counterclaims. Shifting this focus to the counterclaims based on the fact that they were filed against already resolved patent infringement claims does not alter this analysis.

3. Congress effectively nullified *Holmes* by passing the Leahy-Smith America Invents Act and allowing federal patent law counterclaims to serve as an independent basis for federal court jurisdiction. *Masimo Corp. v.*

cordingly, the Court lacks original jurisdiction over Metaswitch's counterclaims.

■■■■ Without original jurisdiction over Metaswitch's counterclaims, the exercise of jurisdiction becomes discretionary even where the counterclaims raise a federal question. *See, e.g., McLaughlin,* 376 F.3d at 355. In exercising such discretion, the Court looks to 28 U.S.C. § 1367 and the related common law factors associated with exercising supplemental jurisdiction, including "judicial economy, convenience, fairness and comity." *See, e.g., Constantin Land Trust,* No. CIV.A. 12-259, 2013 WL 1292275, at *18; *Heggemeier v. Caldwell Cty., Texas,* 826 F.3d 861, 872 (5th Cir. 2016).[4] Here, taken together, the common law factors justify the Court's decision. For example, judicial economy is best served by dismissing Metaswitch's Lanham Act counterclaim now because it either guarantees that a single court will hear both Parties' claims to the extent they are related or simplifies the issues before a future court to the extent they are not. Additionally, allowing the parties to proceed on an uncertain jurisdictional footing through summary judgment motions and then trial is inconvenient and unnecessary. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 101, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (rejecting the notion that a court should "resolve contested questions of law when its jurisdiction is in doubt"). With regard to fairness, "the Lanham Act establishes no limitations period for claims alleging unfair competition or false advertising," *Conopco, Inc. v. Campbell Soup Co.,* 95 F.3d 187, 191 (2d Cir. 1996), and the claim here has been dismissed without prejudice. Finally, the Court finds that comity is either irrelevant or neutral here.

Accordingly, the Court declines to exercise jurisdiction over Defendants' Lanham Act counterclaim, and the Lanham Act counterclaim is therefore dismissed without prejudice.

### ii. State Law Claims

■■■■ This Court must dismiss Defendants' other counterclaims "unless [they] present[ ] independent grounds of jurisdiction." *Kuehne,* 874 F.2d at 291. Having dismissed the Lanham Act counterclaim, no independent jurisdictional basis exists to establish jurisdiction over the remaining counterclaims and therefore they will also be dismissed without prejudice.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction or in the Alternative for Partial Summary Judgment (Dkt. No. 71) is **GRANTED**, and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.** The Court, *sua sponte,*

---

*Mindray DS USA, Inc.,* No. CIV.A. 15-0457 SDW, 2015 WL 5164813, at *7 (D.N.J. Sept. 1, 2015). However, this exception helps prove the general principle articulated in *Holmes* that even counterclaims arising under a federal statute do not confer original jurisdiction. *See, e.g., Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 400, 130 S.Ct. 1431, 176 L.Ed.2d 311 (2010) ("The fact that Congress has created specific exceptions to [the rule] hardly proves that the [r]ule does not apply generally. In fact, it proves the opposite.").

4. *Kuehne* and its progeny do not make clear whether the discretion afforded here is the same as the discretion provided by 28 U.S.C. § 1367 (allowing a district court to "decline to exercise supplemental jurisdiction" over "a claim" generally) or, if it is not, what considerations should govern. *McLaughlin,* 376 F.3d at 355 (noting only that a "district court *can* retain jurisdiction over [a] counterclaim" raising a federal question (emphasis added)). However, the Court finds § 1367 and the related common law factors that govern the exercise of supplemental jurisdiction to be at least persuasive if not controlling.

**DISMISSES** Defendants' counterclaims **WITHOUT PREJUDICE.**

So Ordered this Mar 31, 2017