**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JOHN HERKLOTZ,
      *Cross-Claimant-Appellant*,

v.

ERIC PARKINSON, CHARLES VON
BERNUTH, and PLAZA
ENTERTAINMENT, INC.,
      *Cross-Defendants-Appellees*,

and

THOMAS G. GEHRING,
      *Third-Party-Defendant-Appellee*.

Nos.  07-56657
        07-56662

D.C. No.
CV-07-01823-R

OPINION

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted November 10, 2016
Pasadena, California

Filed February 14, 2017

Before: Marsha S. Berzon and Jacqueline H. Nguyen, Circuit Judges, and Jack Zouhary,[*] District Judge.

Opinion by Judge Zouhary

## SUMMARY[**]

### Subject Matter Jurisdiction

The panel vacated the district court's Fed. R. Civ. P. 12(b)(6) dismissal of a state law crossclaim arising out of a diversity action, and remanded with instructions to dismiss for lack of jurisdiction.

When the District Court in the Western District of Pennsylvania granted summary judgment in a diversity suit in favor of WRS, Inc., appellant John Herklotz moved to sever his state law crossclaim and transfer it to the Central District of California.

The panel held that once Herklotz's crossclaim was severed, it became an entirely new and independent case that must have an independent jurisdictional basis. The panel held that Herklotz could no longer rely on the supplemental jurisdiction afforded by 28 U.S.C. § 1367(a). The panel concluded that there was no subject matter jurisdiction

---

[*] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

because Herklotz's severed crossclaim included only state law claims against non-diverse parties.

## COUNSEL

Charles E. Ruben (argued), Law Offices of Charles E. Ruben, Los Angeles, California, for Cross-Claimant-Appellant John Herklotz.

David S. Fisher (argued), Fisher Law Corporation, Woodland Hills, California, for Cross-Defendant-Appellee Charles von Bernuth.

David T. Stowell (argued), Stowell Zeilenga Ruth Vaughn & Treiger LLP, Westlake Village, California, for Third-Party-Defendant-Appellee Thomas G. Gehring.

## OPINION

ZOUHARY, District Judge:

This case serves as a reminder of the foundational rule that federal courts are courts of limited jurisdiction. An initial overview of this procedurally tortured, sixteen-year saga may be useful.

In a nutshell: this action began in 2000 as a diversity suit in the Western District of Pennsylvania by Plaintiff WRS, Inc. against Defendants Plaza Entertainment and its directors John Herklotz, Eric Parkinson, and Charles von Bernuth. Herklotz crossclaimed against Plaza, Parkinson, and von Bernuth. When the district court granted summary judgment

in favor of WRS, Herklotz moved to sever his state law Crossclaim and transfer it to the Central District of California. The Pennsylvania district court granted the unopposed motion, severed the Crossclaim, and transferred the newly independent case. The California district court then dismissed Herklotz's claims under Federal Civil Rule 12(b)(6), from which Herklotz appeals.

In advance of oral argument, we signaled our concern that the district court lacked subject matter jurisdiction over the state law Crossclaim between non-diverse parties. We then invited supplemental briefing on that question following oral argument.

BACKGROUND

In the mid 1990s, Herklotz negotiated an agreement with Eric Parkinson and Parkinson's company, Plaza Entertainment, to distribute a family film called "The Giant of Thunder Mountain." As part of this arrangement, Herklotz invested in Plaza and also became a director and shareholder of the company. Plaza in turn hired WRS to perform video duplication services. Plaza asked WRS to work on a credit basis, but WRS refused unless Plaza paid its past due balance from previous projects and executed a surety agreement. Herklotz provided his personal guaranty for Plaza's debt, and WRS moved forward with the duplication services.

Plaza intended to distribute the movie to Walmart, but took a significant financial hit when Walmart cancelled its order. When Plaza fell even further behind in its payments to WRS, the two companies negotiated a service agreement through which WRS took over Plaza's distribution, sales, and collections. Parkinson and Charles von Bernuth, Plaza's

Chief Operating Officer, provided additional personal guaranties for Plaza's debt. However, Plaza never came current on its account and ultimately owed WRS nearly $1.5 million, plus interest.

In 2000, WRS (a Pennsylvania company) sued Plaza (a California company), and Parkinson, von Bernuth, and Herklotz (all California residents) in federal court in Pennsylvania. Herklotz crossclaimed against Plaza, Parkinson, and von Bernuth for indemnity, and against Parkinson and von Bernuth for breach of fiduciary duty and misrepresentation—all state law claims.

The Pennsylvania litigation stalled in 2002, when WRS filed for bankruptcy, and eventually resumed in 2005. Default judgments were entered against Plaza, Parkinson, and von Bernuth, and WRS prevailed against Herklotz on summary judgment. In February 2007, the district court entered judgment for $2.5 million in favor of WRS, for which Parkinson, von Bernuth, and Herklotz were jointly and severally liable.

Herklotz then moved to sever his Crossclaim against Plaza, Parkinson, and von Bernuth and to transfer the severed claims to federal court in California. The Pennsylvania court granted the unopposed motion. Several months later, Herklotz filed a First Amended Crossclaim, which added state law claims against Thomas Gehring—Herklotz's former attorney, Plaza shareholder, and fellow Californian—for indemnity and breach of fiduciary duty.

Neither Plaza nor Parkinson responded to the First Amended Crossclaim. Von Bernuth and Gehring both moved to dismiss for failure to state a claim, and the district court

granted both motions. Herklotz timely appealed in October 2007. He argues the district court erred in dismissing his claims without allowing leave to amend.

Meanwhile, Herklotz also filed a parallel action in California state court in December 2007. He raised claims for indemnity, contribution, and declaratory relief against Plaza, Parkinson, von Bernuth, and Gehring. As in the federal action, Plaza and Parkinson did not appear, answer, or otherwise plead. Von Bernuth and Gehring both demurred, arguing the state court action was barred by res judicata in light of the resolution of the federal proceeding. In March 2008, the California trial court dismissed the complaint with prejudice, and the state appellate court affirmed in November 2009.

## DISCUSSION

Federal courts are courts of limited jurisdiction, and parties may not expand that jurisdiction by waiver or consent. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). Thus, challenges to subject matter jurisdiction may be raised at any point, including for the first time on appeal. *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1202 (9th Cir. 2007). Moreover, even if the parties do not dispute jurisdiction, this Court has an independent obligation to assess both its own and the district court's jurisdiction. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc); *California ex rel. Sacramento Metro. Air Qual. Mgmt. Dist. v. United States*, 215 F.3d 1005, 1009 (9th Cir. 2000) ("An appellate court is under a 'special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, even though the parties are prepared to

concede it . . . [or] make no contention concerning it.'") (quoting *Axell Int'l, Ltd. v. Intercargo Ins. Co.*, 183 F.3d 935, 943 (9th Cir. 1999)).

## Effect of Severance on Federal Jurisdiction

Herklotz's severed Crossclaim included only state law claims against non-diverse parties.  Both Herklotz and Gehring contend the Pennsylvania district court retained supplemental jurisdiction over the Crossclaim following summary judgment on the underlying Complaint.  They cite 28 U.S.C. § 1367(c)(3), which provides a federal court with discretion to retain or decline jurisdiction over pendent state law claims once those claims within the court's original jurisdiction have been dismissed or otherwise resolved.  *See also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000–01 (9th Cir. 1997) (en banc); *Baker v. Farmers Elec. Coop., Inc.*, 34 F.3d 274, 283 (5th Cir. 1994). But this principle presumes the pendent claims remain part of the original action, even if the federal claims to which they once related have been dismissed.

That did not happen here.  Instead, once the Pennsylvania district court granted summary judgment on the claims within its original jurisdiction, Herklotz opted to sever the Crossclaim.  When a claim is severed, it becomes an entirely new and independent case.  *See, e.g.*, *Gaffney v. Riverboat Servs. of Ind.*, 451 F.3d 424, 441 (7th Cir. 2006) ("As a general matter, Rule 21 severance creates two discrete, independent actions, which then proceed as separate suits for the purpose of finality and appealability."); *E.S. v. Indep. Sch. Dist.*, 135 F.3d 566, 568 (8th Cir. 1998) ("When a single claim is severed from a lawsuit, it proceeds as a discrete, independent action . . . ."); *United States v. O'Neill*, 709 F.2d

361, 368 (5th Cir. 1983) ("Severance under Rule 21 creates two separate actions or suits where previously there was but one."). Thus, the Crossclaim became the operative complaint of a new lawsuit.

A severed action must have an independent jurisdictional basis. *Honeywell Int'l, Inc. v. Phillips Petroleum Co.*, 415 F.3d 429, 431–32 (5th Cir. 2005). It can no longer rely on the supplemental jurisdiction afforded by 28 U.S.C. § 1367(a), for there is nothing left to supplement. That is, "the once-upon-a-time related claim is no longer a related claim because there is no federal claim to which it can relate." *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 638 (5th Cir. 2014). This is apparent from the plain language of Section 1367(a), which provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to *claims in the action within such original jurisdiction* that they form part of the same case or controversy." 28 U.S.C. § 1367(a) (emphasis added). Where, as here, the claims were stripped of their jurisdictional predicate through severance, they lose their federal hook and must stand on their own.

Gehring contends the Fifth Circuit's decision in *Louisiana*, 746 F.3d 633, limits its earlier holding in *Honeywell*, 415 F.3d 429, such that the latter can no longer be read to require an independent jurisdictional basis for severed actions. However, *Louisiana* itself is inapposite, for the district court in that case had *original* jurisdiction over the severed claims under the Class Action Fairness Act. 746 F.3d at 639. Thus, the Fifth Circuit repeatedly remarked that *Honeywell* "applies only to severed claims that are based on *supplemental* jurisdiction." *Id.* at 640 (emphasis added). That is precisely the situation here.

Herklotz and Gehring also protest that applying the *Honeywell* rule here would interfere with the authority of the district court to transfer venue and the ability of the parties to consent to such a transfer under 28 U.S.C. § 1404(a). In other words, they suggest the district court must retain jurisdiction to preserve its ability to transfer venue. They have it backwards. Certainly a district court may transfer a case that is properly within its jurisdiction. But the Pennsylvania district court lost jurisdiction over the Crossclaim when it was severed from the original action. Once that fact is established, it becomes irrelevant whether the parties consented to the transfer to California. The Pennsylvania court lacked jurisdiction to enter the transfer order, and the California court lacked jurisdiction to take the case.

One can easily imagine how the parties found themselves in this predicament. Presumably, once the WRS claims were resolved, Herklotz was not enthused by the prospect of continuing to travel cross country to litigate his Crossclaim. WRS apparently did not oppose the motion to sever and transfer—likely because WRS had no skin in that game, as it had already prevailed on its claims and was not a party to the Crossclaim. From the perspective of the Pennsylvania court, it was presented with an opportunity to close a case that had been pending on its docket for seven years. It is not surprising that it did not scrutinize the unopposed motion more closely. Nevertheless, the appropriate course of action would have been either to deny the motion to sever and retain jurisdiction over the supplemental state law claims, or to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) and dismiss the Crossclaim, thus permitting Herklotz to seek relief in state court.

**Effect of State Court Proceeding**

Alternatively, von Bernuth suggests we may avoid this jurisdictional quagmire by shifting our focus. He contends that whether or not the California court had subject matter jurisdiction at the time the case was transferred, this Court has jurisdiction now because there is a federal question arising from the parallel state court proceeding: namely, the preclusive effect of that judgment. The sole authority cited for this theory, *Cawley v. Celeste (In re Athens/Alpha Gas Corp.)*, 715 F.3d 230 (8th Cir. 2013), is inapposite. In that case, the Eighth Circuit recognized that courts may resolve cases on preclusion grounds without first addressing jurisdiction in the limited circumstances where the preclusion inquiry "overlaps significantly with the analysis required" to assess jurisdiction, such as under the *Rooker-Feldman* doctrine. *Id.* at 235.

The jurisdictional question in this case is not a "murky problem under *Rooker-Feldman*," *id.*, but a straightforward analysis of diversity jurisdiction—one which overlaps not at all with the preclusion arguments raised on appeal. Von Bernuth's proposal that we fast-forward to the issue of res judicata is absolutely contrary to the fundamental legal principle that jurisdiction must be established in the first instance. It cannot be waived by agreement or delayed like a bouncing ball.

CONCLUSION

It is unfortunate this lengthy odyssey must conclude in this way, but jurisdiction is one rule this Court cannot bend.

Accordingly, we vacate the district court judgment and remand with instructions to dismiss for lack of jurisdiction.

**VACATED AND REMANDED.**

Each side to bear its own costs.