**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NBCUNIVERSAL MEDIA, LLC; et al., | No. 17-56077 |
| Petitioners-Appellees, | D.C. No. 2:17-cv-01404-JAK-MRW |
| v. | |
| ROGER PICKETT, | MEMORANDUM* |
| Respondent-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted December 7, 2018
Pasadena, California

Before: IKUTA and N.R. SMITH, Circuit Judges, and STEEH,** District Judge.

Roger Pickett, a former employee of NBCUniversal Media, LLC

(NBCUniversal), filed suit against Universal City Studios, LLC, NBCUniversal,

and Mark Higginbotham (NBCUniversal's Director of Labor Relations) in Los

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable George Caram Steeh III, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

Angeles Superior Court alleging state law claims, including multiple violations of California's Fair Employment and Housing Act (FEHA), Cal. Gov. Code §§ 12900–12996. Soon thereafter, the named defendants filed a "Complaint and Petition for Order Compelling Arbitration" in federal district court. The Complaint alleged subject matter jurisdiction based on the Federal Arbitration Act (FAA), 9 U.S.C. § 4, and Section 301 of the Labor Management Relations Act (LMRA), which allows "[s]uits for violation of contracts between an employer and a labor organization . . . [to] be brought in any district court." 29 U.S.C. § 185(a). NBCUniversal alleged that Pickett's state court action constituted a breach of the collective bargaining agreement (CBA) between NBCUniversal and Pickett's union, because the CBA contained a mandatory arbitration clause that covered Pickett's state law claims.

The district court granted NBCUniversal's motion to compel arbitration, stating that Pickett was compelled to arbitrate all of the claims advanced in the state action. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     Pickett's briefing challenged the district court's basis for subject matter jurisdiction, but he conceded the issue during oral argument.[1]  Nevertheless, we have a sua sponte obligation to assess the district court's jurisdiction.  *Herklotz v. Parkinson*, 848 F.3d 894, 897 (9th Cir. 2017).  The district court here had subject matter jurisdiction to hear a claim for a violation of a CBA under Section 301 of the LMRA.  *See* 29 U.S.C. § 185(a); *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 577–78 (1960); *Painting & Decorating Contractors Ass'n of Sacramento, Inc. v. Painters & Decorators Joint Comm. of the E. Bay Ctys., Inc.,* 707 F.2d 1067, 1071 (9th Cir. 1983).

---

[1]Pickett also conceded three other issues, which we decline to address: (1) whether compelling the submission of state claims to arbitration is a remedy available under Section 301; (2) whether the district court properly exercised its discretion in granting this relief in light of pending state proceedings, *see Davis v. Passman*, 442 U.S. 228, 239–40 n.18 (1979) (explaining jurisdiction, cause of action, and relief are different concepts); *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 561 (1968) ("The nature of the relief available after jurisdiction attaches is, of course, different from the question whether there is jurisdiction to adjudicate the controversy."); and (3) whether the district court abused its discretion by retaining jurisdiction (which might have been inappropriate in light of concerns regarding forum shopping and the uncontested ability of state courts to order parties to submit pending claims to arbitration), *see Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 27 n.36 (1983) (overturning a district court's decision to abstain under *Colorado River* rather than adjudicating a motion to compel arbitration under § 4 of the FAA because, in part, then-controlling state court precedent raised substantial doubt as to whether a state court would grant the motion to compel).

2.      Ordinary principles of contract law govern the interpretation of CBAs. *CNH Indus. N.V. v. Reese*, 138 S. Ct. 761, 763 (2018).  A CBA can waive employees' rights to bring statutory discrimination claims in court, provided the waiver is clear and unmistakable.  *See 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 257–58 (2009); *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 80 (1998).  Pickett only argues that the CBA's arbitration provision allows employees to arbitrate discrimination claims, but does not require arbitration.  The word "may" in the phrase "neither the Union nor any aggrieved employee may file an action or complaint in court on any claim that arises under [an anti-discrimination clause], having expressly waived the right to so file" does not mean that an employee can choose between arbitrating his or her claim and filing suit in court.  Followed by the words "neither" and "nor," the word "may" means "may not."  The intent of the parties was made plain.  *See M & G Polymers USA, LLC v. Tackett*, 135 S. Ct. 926, 933 (2015).

        **AFFIRMED.**