**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONALD CATHERINE, | No.    20-16975 |
| Plaintiff-Appellant, | D.C. No.<br>2:19-cv-01487-JAM-DB |
| v. | |
| WELLS FARGO BANK, N.A., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted November 18, 2021**
San Francisco, California

Before:  SCHROEDER, W. FLETCHER, and MILLER, Circuit Judges.

Donald Catherine sued Wells Fargo Bank in California state court, alleging

that it mishandled the servicing of his home loan. He asserted claims under

California law and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C.

§ 2605(e). Wells Fargo removed the case to the Eastern District of California based

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

on diversity and federal-question jurisdiction. The district court dismissed the complaint for failure to state a claim and denied Catherine's motion for leave to amend. Catherine appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We begin with Catherine's argument that the district court lacked subject-matter jurisdiction, which we consider even though it was raised for the first time on appeal. *See Herklotz v. Parkinson*, 848 F.3d 894, 897 (9th Cir. 2017). Catherine contends that the district court lacked jurisdiction under 28 U.S.C. § 1332 because Wells Fargo maintains a "principal place of business" in California, destroying complete diversity between the parties. *But see Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707, 709 (9th Cir. 2014) (holding that a national bank "is a citizen only of the state in which its main office is located"); *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006) (noting that the location of a bank's main office is determined by its articles of association). Even if that were true, the district court also had subject-matter jurisdiction under 28 U.S.C. § 1331. Catherine's RESPA claims arose under federal law, and supplemental jurisdiction extended to the related state-law claims. *See City of Chicago v. International Coll. of Surgeons*, 522 U.S. 156, 164–65 (1997). The district court had jurisdiction to adjudicate and dismiss Catherine's state-law claims at the same time as it dismissed the RESPA claims. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009).

Turning to the merits and reviewing de novo, *Okwu v. McKim*, 682 F.3d 841, 844 (9th Cir. 2012), we conclude that the district court correctly dismissed Catherine's RESPA causes of action for failure to state a claim. Catherine failed to allege facts sufficient to show that he suffered actual damages as a result of Wells Fargo's purported RESPA violations, a required element of a RESPA claim. 12 U.S.C. § 2605(f)(1)(A); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor did Catherine establish a "pattern or practice of noncompliance with the requirements of" RESPA that would entitle him to statutory damages. 12 U.S.C. § 2605(f)(1)(B).

The district court did not abuse its discretion in denying Catherine's motion for leave to file an amended complaint because it correctly determined that further amendment would be futile. *See Kroessler v. CVS Health Corp.*, 977 F.3d 803, 807 (9th Cir. 2020). Catherine's proposed amended complaint contains conclusory assertions of damages similar to those in his first complaint. And while the proposed amended complaint includes additional facts about the harm that Catherine suffered, it does not plausibly allege that such harm was caused by Wells Fargo's failure to respond to Catherine's written requests for information in violation of RESPA.

Catherine does not appeal the dismissal of his state-law claims, so we do not review them. *United States v. Salman*, 792 F.3d 1087, 1090 (9th Cir. 2015).

The motion for leave to file a supplemental brief (Dkt. No. 27) is granted.

**AFFIRMED.**