# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2021

Lyle W. Cayce
Clerk

No. 21-40282

Mario A. Velazquez,

*Plaintiff—Appellant*,

*versus*

Ruben De La Rose Martinez

*Defendant*,

Benteler Automotive Corporation; Benteler Automotive-Mexico,

*Third Party Plaintiffs—Appellants*,

*versus*

Allied Plastics, Incorporated; Packaging Concepts & Design, L.L.C.; Forming Technologies, L.L.C.,

*Third Party Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
No. 5:20-CV-215

No. 21-40282

Before Wiener, Graves, and Ho, *Circuit Judges*.

James E. Graves Jr., *Circuit Judge*:*

Defendants and third-party plaintiffs Benteler Automotive and Benteler Mexico ("Benteler Defendants") seek to appeal the district court's grant of summary judgment on their indemnity claims under Texas product liability law. This case arose after plaintiff Mario Velasquez[1], a U.S. customs official, was injured while inspecting a trailer carrying a "termo" holding the Benteler Defendants' products, mainly rear axles. Velasquez alleges that defective design or construction of the termo caused his injury, and he asserts Texas tort claims against the Benteler Defendants. Because the Benteler Defendants did not design or manufacture the termo, they filed a third-party claim for indemnification under Chapter 82 of the Texas Product Liability Act against third-party defendants and appellees Allied Plastics, Inc.; Packaging Concepts & Design, L.L.C.; and Forming Technologies, L.L.C. ("Third-Party Defendants"). *See* Tex. Civ. Prac. & Rem. § 82.002(a). The district court held that the Benteler Defendants are not entitled to indemnification under § 82.002(a) because the Third-Party Defendants are not "sellers" under Texas law, a conclusion the Benteler Defendants challenge on appeal.

But first, we must examine our jurisdiction. *See Nat'l Football League Players Ass'n v. Nat'l Football League*, 874 F.3d 222, 225 (5th Cir. 2017) ("[W]e must examine jurisdiction whenever [it] appears fairly in doubt." (citation and quotation marks omitted)). That is because, after granting summary judgment to the Third-Party Defendants, the district court severed

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] The caption for this appeal and the complaint below indicates that the plaintiff's last name is spelled "Velazquez," but the plaintiff appears to spell his name "Velasquez." Although he uses both spellings in his briefing, he generally uses "Velasquez."

No. 21-40282

the Benteler Defendants' third-party indemnification claim under rule 21, on the Third-Party Defendants' unopposed motion, to facilitate immediate appeal. The district court then opened a new case and directed all the briefing and orders on the third-party claims be filed in the new case's docket. The court eventually entered final judgment, allowing the parties to appeal. Velasquez' underlying claims against the Benteler Defendants remain pending, and that action is stayed pending the results of this appeal. The wrinkle, though, is that Benteler Automotive, a Delaware corporation with its principal place of business in Michigan, is not diverse from Forming Technologies, one of the Third-Party Defendants, which is a limited liability corporation whose members all live in Michigan.

It is true that the district court had removal jurisdiction over the underlying case (No. 5:16-CV-238) between Velasquez and the Benteler Defendants under 28 U.S.C. §§ 1332 and 1441. When the district court entered summary judgment on the third-party claims on December 15, 2020, it had supplemental jurisdiction over those claims. Diversity existed between Velasquez and the Benteler Defendants: Velasquez is a citizen of Texas; Benteler Automotive is a Delaware corporation with its principal place of business in Michigan; Benteler Mexico is a Mexican corporation; and the amount in controversy exceeded $75,000. *See* 28 U.S.C. § 1332. And the parties are correct that complete diversity need not exist between a third-party claimant and a third-party defendant, so long as the district court has subject-matter jurisdiction over the underlying suit. *Molett v. Penrod Drilling Co.*, 872 F.2d 1221, 1227 (5th Cir. 1989) ("Diversity jurisdiction may be approached from two angles: by analyzing diversity in plaintiffs' original claims or in the claims asserted by Gearench against third-party defendants including Columbus-McKinnon. Diversity at either level will suffice to maintain federal jurisdiction."); *Fawvor v. Texaco, Inc.*, 546 F.2d 636, 638 (5th Cir. 1977) ("Rule 14 of the Federal Rules of Civil Procedure governs

third-party practice. Under this rule, where there is diversity between the plaintiff and the defendant, the defendant may implead a third-party of the same citizenship as the plaintiff.").

The district court therefore *had* supplemental jurisdiction over the Benteler Defendants' third-party claim on the original docket. *See Revere Copper & Brass Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 715 (5th Cir. 1970) ("An impleader action under Rule 14(a) is considered ancillary even though such an action does not, as a general rule, directly involve the aggregate of operative facts upon which the original claim is based, but arises out of that claim in the sense that the impleader action, such as the action for indemnity here brought by Aetna against Fuller, would not exist without the threat of liability arising out of the original claim.").

But that supplemental jurisdiction ceased once the district court severed the third-party claim. When a claim is severed, it becomes an entirely new and independent case. *See, e.g.*, *Gaffney v. Riverboat Servs. of Ind.*, 451 F.3d 424, 441 (7th Cir. 2006) ("As a general matter, Rule 21 severance creates two discrete, independent actions, which then proceed as separate suits for the purpose of finality and appealability."); *E.S. v. Indep. Sch. Dist.*, 135 F.3d 566, 568 (8th Cir. 1998) ("When a single claim is severed from a lawsuit, it proceeds as a discrete, independent action[.]"); *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983) ("Severance under Rule 21 creates two separate actions or suits where previously there was but one."). A severed action must have an independent jurisdictional basis. *Honeywell Int'l, Inc. v. Phillips Petrol. Co.*, 415 F.3d 429, 431–32 (5th Cir. 2005). As the Ninth Circuit explained when applying *Honeywell* to conclude that it lacked jurisdiction over a severed and transferred case, the severed action "can no longer rely on the supplemental jurisdiction afforded by 28 U.S.C. § 1367(a), for there is nothing left to supplement." *Herklotz v. Parkinson*, 848 F.3d 894, 898 (9th Cir. 2017).

No. 21-40282

The parties acknowledge these principles but ask that we ignore the district court's explicit use of rule 21 and instead treat the severance as a certification for immediate appeal under rule 54(b). *See* FED. R. CIV. P. 54(b) ("When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."). However, there is no language in the order from which we might reasonably infer that the district court meant to do anything other than sever the case. Whatever the district court intended, the parties point to no authority that would allow us to ignore the plain language in the district court's order solely to decide a case over which we lack jurisdiction.

Accordingly, we DISMISS this appeal for lack of jurisdiction. We offer no opinion on this appeal's merits or on what actions the district court or the parties should take on the third-party claims after this dismissal.