Filed 5/25/23  Sheppard v. County of Los Angeles CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| KEN SHEPPARD, | B317611 |
| Plaintiff and Appellant, | Los Angeles County Super. Ct. No. 20STCV03250 |
| v. | |
| COUNTY OF LOS ANGELES et al. | |
| Defendants and Respondents. | |

APPEAL from judgment of the Superior Court of Los Angeles County.  Mark V. Mooney, Judge.  Affirmed.

Franklin L. Ferguson, Jr., for Plaintiff and Appellant.

Hurrell Cantrall, Thomas C. Hurrell and Melinda Cantrall for Defendants and Respondents.

_____

Defendants and respondents County of Los Angeles, Bonnie Hanson, Caroline Rodriguez, and Tai Plunkett demurred to plaintiff and appellant Ken Sheppard's second amended complaint. The trial court sustained defendants' demurrer on the basis that plaintiff's claims were untimely. We affirm.

## BACKGROUND

This action arises out of an encounter between plaintiff and members of the Los Angeles County Sheriff's Department. In March 2014, plaintiff, a private investigator, was parked on a street in Montrose on a stakeout. Defendant Plunkett, a deputy sheriff, noticed plaintiff's vehicle and approached it on foot with his gun drawn. Plaintiff opened the window and the men spoke. The situation quickly escalated to the point that Deputy Plunkett aimed his gun at plaintiff's head, and left it trained there until later-arriving deputies intervened. Plaintiff was ordered out of his vehicle, handcuffed, frisked, and briefly detained in a sheriff's vehicle while deputies searched his vehicle. The deputies cited plaintiff for Vehicle Code offenses relating to improperly displayed license plates and window tint on his vehicle and allowed him to leave. All cited offenses were later dismissed.

After filing a Government Code section 910 claim for tort damages, which the County denied, plaintiff then filed a complaint in the United States District Court for the Central District of California, alleging federal and state law claims.

The district court case proceeded to trial. At a September 8, 2016 pretrial conference, the district court raised, on its own motion, "whether the Court should exercise its discretion and sever

2

the state law claims from the federal claims."[1]  It then proceeded to explain the factors it would consider in exercising that discretion: "whether the state law claims predominate over the federal law claims," "efficiency and . . . fairness," and "whether there's exceptional or special circumstances that weigh in favor of severance."  As discussed further below, these are factors on which district courts may rely to decline supplemental jurisdiction over state law claims under section 1367 of title 28 of the United States Code.[2]

The district court went on to explain, "what I'm considering doing is to sever . . . the state law claims from the federal claims and entertaining only the federal claims."  When the court asked plaintiff's counsel his "view as to severance," counsel responded "I'm not sure what that would mean relative to the state law claims."  The court responded, "[i]t means the state law claims are not tried before this jury.  They are severed.  So they are not part of the federal lawsuit."  Counsel expressed his opposition to severance, and the court acknowledged it.

Defendants, for their part, said they thought severance was appropriate as the state law claims could not be proven.  The district court clarified:  "I'm not dismissing the state law claims with prejudice, I'm simply severing [them].  I may sever those

---

[1]     The transcript of this pretrial proceeding, as well as certain other records of the district court proceeding, are the subject of defendants' motion for judicial notice.  Defendants contend that judicial notice is proper pursuant to Evidence Code sections 452, subdivision (d) and 459.  Plaintiff filed no opposition to defendants' motion.  We treat plaintiff's silence as consent and grant the motion.  (Cal. Rules of Court, rule 8.54(c).)

[2]     Undesignated statutory references are to title 28 of the United States Code.

3

claims and those claims may remain, and the plaintiff may have the opportunity to pursue those in a state court."

The district court severed plaintiff's state law claims, leaving only his federal claims as "[t]he claims that remain." The minute order following the pretrial conference stated the court severed the state law claims and the remaining claims were federal claims.

A few days later, on the first day of trial, the district court revisited the issue of severance. The court asked defendants' counsel to address the effect of severance since "certain state claims . . . were pled against certain of the defendants, and certain of the defendants were only implicated in the state claims." In response, defendants' counsel asked that two of the defendants against whom only state law claims had been asserted "be dismissed from the federal action." Plaintiff's counsel made a bare objection, to which the court responded, "it's a dismissal without prejudice, so I want to make that clear in light of the severance of the state claims." The court then dismissed the two defendants without prejudice. The minute order stated the court had severed all state claims and granted defendants' request to dismiss two defendants without prejudice.

The district court submitted the remaining federal claims to a jury, which found no liability on the part of any of the remaining defendants. The court entered a judgment that plaintiff take nothing.

Plaintiff appealed the judgment to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit affirmed the district court's judgment in a three-page opinion. Although none of the issues on that appeal appears relevant here, a few statements in the opinion are. The Ninth Circuit noted that "the district court dismissed the claims" against two defendants before sending the

4

case to the jury and that, on the appeal, plaintiff did not challenge the "district court's dismissal without prejudice of his state law claims." The Ninth Circuit filed its mandate on January 2, 2020.

Plaintiff did not file this action until January 23, 2020, over three years four months after the federal court had dismissed his state law claims. Plaintiff's initial complaint addressed timeliness of his claims only in cursory fashion, explaining that they "ha[d] never been fully adjudicated" after severance from the federal claims.

In his first amended complaint, he attempted to explain further. He alleged: "[t]he [district] court severed the state claims on September 8, 2016. *This was a dismissal without prejudice*, as noted by the [Ninth] Circuit. [Plaintiff] was therefore entitled to pursue the severed claims in state court, subject to tolling." (Italics added.) Although it is not part of the record, it appears the superior court sustained a demurrer to plaintiff's first amended complaint, prompting further revisions to plaintiff's allegations relating to timeliness.

The second amended complaint omitted the allegation that the federal court had dismissed the state law claims without prejudice. In its place was the allegation that "[t]he federal District Court judge *did not* dismiss these state claims." (Italics added.) Plaintiff went on to allege that section 1367(d) extended his deadline to bring his state court claims to 30 days after the Ninth Circuit's January 2020 writ of mandate affirming judgment on his federal claims, contending that, in the absence of dismissal, the state law claims had been "pending in federal court" until then.

Plaintiff's position shifted again at oral argument on defendants' demurrer to the second amended complaint. In response to the court's questions, plaintiff acknowledged the Ninth

5

Circuit had characterized his state law claims as having been dismissed, but maintained he could not have brought them in state court until they were dismissed *with prejudice*, or until they were "released" as a result of the Ninth Circuit's resolution of plaintiff's appeal of judgment on the federal claims.

The superior court sustained the demurrer on the basis that the district court's September 2016 severance of the state law claims was a dismissal without prejudice—that the district court "declined to hear the state court matters," as a result of which "the clock start[ed] running."

Plaintiff timely appealed.

## DISCUSSION

### 1. Standard of Review

"A statute of limitations defense may be asserted by general demurrer if the complaint shows on its face that the statute bars the action." (*SLPR, L.L.C. v. San Diego Unified Port Dist.* (2020) 49 Cal.App.5th 284, 316.) It is the plaintiff's burden on appeal to show error by the trial court in sustaining a demurrer, and we may affirm on any grounds without regard to the trial court's basis for decision. (*Id.* at p. 317.)

"A demurrer admits all material and issuable facts pleaded in the complaint, amplified by matters of which judicial notice may be taken such as court records [citation], and the concessions of a pleader." (*Connerly v. Schwarzenegger* (2007) 146 Cal.App.4th 739, 746.)

### 2. Analysis

Plaintiff contends his state law claims were made timely by section 1367(d). We disagree.

6

### a. Section 1367

Subject to certain limitations, section 1367(a) gives federal district courts supplemental jurisdiction over state law claims that are "part of the same case or controversy" as federal claims. (*Ibid.*) Claims subject to federal jurisdiction only under section 1367 are often described as "pendent."

A federal court has discretion to decline jurisdiction over pendent state claims under any of the circumstances set forth in section 1367(c). These are: "(1) the claim raises a novel or complex issue of State law, [¶] (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, [¶] (3) the district court has dismissed all claims over which it has original jurisdiction, or [¶] (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." (§ 1367(c)(1)–(4).)

Section 1367(d), on which plaintiff relies in contending his claims were timely, provides: "The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." Section 1367(d) applies only to pendent claims dismissed pursuant to section 1367 and not to other dismissals. (*Speedwell, LLC v. Town of Morristown* (D.N.J. Feb. 24, 2023, No. 21cv18796 (EP) (JRA)) 2023 U.S.Dist.Lexis 31257, p. *13 (*Speedwell*) ["Section 1367(d) applies only to claims dismissed pursuant to Section 1367(c)"]; *Peters v. Bd. of Trs. of the Vista Unified Sch. Dist.* (S.D.Cal. Aug. 11, 2009, No. 08cv1657–L(NLS)) 2009 U.S.Dist.Lexis 70331, p. *9 ["Section 1367(d) tolling applies when supplemental

state law claims are dismissed in federal court pursuant to section 1367(b) or (c) and then re-asserted in state court"].)

  **b.** **Section 1367 does not make plaintiff's claims timely.**

  Plaintiff asserts that his state law claims were timely under section 1367(d) because they were brought within 30 days of the Ninth Circuit's January 2020 order of mandate finally resolving his federal claims tried to a jury.  He also asserts that "[a]t no point did the federal District Court decline to exercise supplemental jurisdiction over the state claims."  Plaintiff cannot have it both ways.  If the district court never declined to exercise jurisdiction over any claims pursuant to section 1367(c), section 1367(d) is never implicated.  (*Speedwell, supra,* 2023 U.S.Dist.Lexis 31257, p. *13.)

  Plaintiff contends the district court in September 2016 merely severed his state law claims from his federal law claims under Federal Rules of Civil Procedure, rule 21.  Plaintiff says the district court's rule 21 severance created "discrete, independent actions," and the judgment in the federal action would have constituted "a final, appealable judgment . . . notwithstanding the continued existence of unresolved claims in the other [action]."  (See also *Herklotz v. Parkinson* (9th Cir. 2017) 848 F.3d 894, 898 (*Herklotz*) ["When a claim is severed, it becomes an entirely new and independent case"].)

  Plaintiff's Federal Rules of Civil Procedure, rule 21 severance theory has no merit for several reasons.  If the state law claims became a separate action, as plaintiff contends, they would not have been part of the action from which plaintiff took his appeal to the Ninth Circuit.  If they were not part of the Ninth Circuit appeal, then the Ninth Circuit's mandate could not have been a final

8

resolution or dismissal of plaintiff's severed state law claims (much less an implied dismissal of those claims under § 1367(c)).

Nor is there any indication that the district court ever established a new docket for plaintiff's state law claims. (*Lee v. Cook County* (7th Cir. 2011) 635 F.3d 969, 971 (*Lee*) [upon Fed. Rules Civ. Proc., rule 21 severance "the clerk of court creates multiple docket numbers for the action already on file, and the severed claims proceed as if suits had been filed separately"].) If the severance created a new federal action in which plaintiff's state law claims could proceed, where is it now?

The district court had no reason to create a new docket to administer plaintiff's state law claims under the circumstances. Once severed from the federal law claims, which provided the only basis for supplemental jurisdiction, the court no longer had jurisdiction over the pendent state claims. (*Herklotz*, *supra*, 848 F.3d at p. 898 ["Where, as here, the claims were stripped of their jurisdictional predicate through severance, they lose their federal hook and must stand on their own"].)

And as recited above, the record shows the district court's September 2016 severance was a dismissal without prejudice. This is incompatible with the notion that the severance was a Federal Rules of Civil Procedure, rule 21 severance. "When a federal civil action is severed [under rule 21], it is not dismissed." (*Lee*, *supra*, 635 F.3d at p. 971.) Plaintiff fails to offer any basis for us to disregard the Ninth Circuit's mandate finding the dismissal was without prejudice, the district court's statements to the same effect, and the allegations in his first amended complaint that the dismissal was without prejudice. We will not disregard them.

**c.      The district court's September 2016 dismissal was made pursuant to section 1367(c), thereby starting the 30-day clock under section 1367(d).**

Plaintiff says the district court "did not articulate a basis for severance in the instant case." But it did. The reasons it stated were among the statutory grounds for declining jurisdiction under section 1367(c). The district court considered that the state law claims "predominate[d]" over the federal claims and that "exceptional . . . circumstances" weighed in favor of severing. These are both statutory grounds for declining supplemental jurisdiction under section 1367(c). The district court also considered "efficiency and . . . fairness," which is a mandatory nonstatutory section 1367(c) consideration in some jurisdictions outside of the Ninth Circuit. (See *Executive Software N. Am. v. United States Dist. Court* (9th Cir. 1994) 24 F.3d 1545, 1564 (dis. opn. of Leavy, J.) [noting other circuits' consideration of judicial economy], overruled on another ground in *Cal. Dept. of Water Res. v. Powerex Corp.* (9th Cir. 2008) 533 F.3d 1087, 1092–1096.)

Further, the district court advised plaintiff that, if severed, the court would be "entertaining only the federal claims," that the state law claims would no longer be "part of the federal lawsuit," and that plaintiff "may have the opportunity to pursue [his state law claims] in a state court." As the Ninth Circuit found, this amounted to a dismissal without prejudice. Such dismissals are permitted under section 1367(c). (*Hinson v. Norwest Fin. S.C., Inc.* (4th Cir. 2001) 239 F.3d 611, 617 ["under the authority of . . . § 1367(c), . . . a district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met"].)

10

Plaintiff argues that he could not have brought his state law claims in state court absent a dismissal with prejudice and order of remand by the district court. That misstates the law. Once the district court dismissed the pendent claims under section 1367, it no longer had jurisdiction over those claims. "If a district court declines to exercise jurisdiction over a claim asserted under § 1367(a) and the plaintiff wishes to continue pursuing it, she must refile the claim in state court." (*Artis v. District of Columbia* (2018) 583 U.S. __ [138 S.Ct. 594, 599].) Section 1367(d) specifies the time for doing so: within the remaining limitations period or "30 days after it is *dismissed*." (Italics added.) Once a federal court has declined to exercise jurisdiction over pendent claims, it has no power to issue a dismissal on the merits of the claim, i.e., a dismissal with prejudice. And a federal district court has no ability to remand an action that originated in federal court to a state court. (*Levin v. Commerce Energy, Inc.* (2010) 560 U.S. 413, 428 ["federal tribunals lack authority to remand to the state court system an action initiated in federal court"].)

## DISPOSITION

The judgment is affirmed. Defendants are to recover their costs on appeal.


GRIMES, J.


WE CONCUR:


STRATTON, P. J.


VIRAMONTES, J.


11