NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SIKOUSIS LEGACY INC.,

　　　　　Plaintiff - Appellant,

K INVESTMENTS INC.; BAHLA
BEAUTY, INC.,

　　　　　Intervenor-Plaintiffs -
Appellants,

　v.

B-GAS LIMITED, a/k/a Bepalo LPG
Shipping Ltd.; B-GAS AS; BERGSHAV
SHIPPING LTD.; B-GAS HOLDING
LTD.; BERGSHAV AFRAMAX
LTD.; BERGSHAV SHIPHOLDING
AS; BERGSHAV INVEST AS; LPG
INVEST AS; ATLE BERGSHAVEN,

　　　　　Defendants - Appellees.

No. 24-5272

D.C. No.
3:22-cv-03273-CRB

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted October 22, 2025
San Francisco, California

---

　　　* 　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: CLIFTON, OWENS, and BUMATAY, Circuit Judges.

Plaintiff-Appellants Sikousis Legacy, Inc., K Investments, Inc., and Bahla Beauty, Inc. (collectively, "Sikousis") appeal the district court's denial of their Rule 60(b)(5) motion under the Federal Rules of Civil Procedure. Sikousis sought relief from the vacatur of a prejudgment attachment under Rule B of the Federal Rules of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims, and from a judgment of dismissal of the case. We affirm.

1. We first address our subject-matter jurisdiction. *See Herklotz v. Parkinson*, 848 F.3d 894, 897 (9th Cir. 2017). Subject-matter jurisdiction in *in rem* or in *quasi in rem* cases depends on continued personal jurisdiction over the *res*. *See United States v. 66 Pieces of Jade & Gold Jewelry*, 760 F.2d 970, 973 (9th Cir. 1985); *Overby v. Gordon*, 177 U.S. 214, 221 (1900). Defendant-Appellee Bergshav Aframax Ltd. ("Aframax") claims there is no longer personal jurisdiction over the *res* here. Aframax argues that the exhaustion of direct appeals in *Sikousis Legacy, Inc. v. B-Gas Ltd.*, 97 F.4th 622 (9th Cir. 2024), necessarily vacated personal jurisdiction over the *res*.

We disagree. A federal court's *quasi in rem* jurisdiction depends on whether the *res* was properly attached at the beginning of suit, unless the *res* is voluntarily released or any judgment would be "useless" because the *res* is outside the court's or any litigant's control. *See Ventura Packers, Inc. v. F/V Jeanine Kathleen*, 424

F.3d 852, 860-61 (9th Cir. 2005).  In this case, the vessel M/T Berica was properly attached at the start of proceedings and was substituted by a letter of understanding with no express termination date.  Given this, *Ventura Packers* confirms our continued subject-matter jurisdiction.  For the same reasons, this case is not moot because relief could still be provided through the substitute *res*.

2.  The district court denied the Rule 60(b)(5) motion because it ruled that the vacatur order could not be applied "prospectively."  But because of a change in circumstances in the case, we need not review the correctness of that decision.  *See Afewerki v. Anaya L. Grp.*, 868 F.3d 771, 777 (9th Cir. 2017) ("We may affirm on any basis supported by the record.") (simplified).  Sikousis's motion was based entirely on factual findings made by a Norwegian district court after the dismissal order.  But a Norwegian appellate court later reversed the Norwegian district court's judgment.  Thus, the premise of the Rule 60(b)(5) motion has been invalidated.  *See Ornellas v. Oakley*, 618 F.2d 1351, 1356 (9th Cir. 1980) ("A reversed or dismissed judgment cannot serve as the basis for a disposition on the ground of res judicata or collateral estoppel.").  And as the district court pointed out, though the evidence underlying those findings might have supported a motion for relief under Fed. R. Civ. P. 60(b)(2), Sikousis is time-barred from bringing such a motion because more than a year has passed since the orders it is challenging.  Fed. R. Civ. P. 60(c)(1).  Given these events, we see no basis to grant a Rule 60(b)(5) motion.

24-5272

We thus **AFFIRM** the district court's denial of the Rule 60(b)(5) motion.  We also **DENY** the motion to dismiss, Dkt. 41, and **DENY** as moot the motion to supplement the record, Dkt. 13.  Each side to bear its own costs.