NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 28 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICE E. BROWN,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>MARICOPA COUNTY ATTORNEY'S OFFICE; AMANDA M. PARKER; B. NOELLE JENSEN; ANDREA L. KEVER; COUNTY OF MARICOPA; STATE OF ARIZONA; JOSEPH KREAMER; TIMOTHY J. RYAN; CHRISTOPHER J. O'NEIL; RENEE T. BENNETT; GARY J. COHEN; JOHN R. HANNAH; JAY ADLEMAN; MICHAEL C. BLAIR;<br><br>        Defendants-Appellees. | No. 23-15141<br><br>MEMORANDUM[*]<br><br>D.C. Case No. CV22-00402-TUC-JAS-PSOT |

Appeal from the United States District Court
for the District of Arizona
James A. Soto, District Judge, Presiding

Submitted April 30, 2026[**]

Before: RAWLINSON, VANDYKE, MENDOZA, JR., Circuit Judges.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Patrice Brown (Brown) appeals pro se the district court's order denying his motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Although, "we review the denial of a motion for relief from judgment under Rule 60(b) for an abuse of discretion," *Henson v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 443 (9th Cir. 2019) (citation omitted), we must first "determine our own jurisdiction." *Advanced Integrative Med. Sci. Inst., PLLC v. Garland*, 24 F.4th 1249, 1256 (9th Cir. 2022) (citations omitted). Reviewing de novo, we dismiss for lack of jurisdiction. *See id.*

"Generally speaking, we may only review decisions from district courts that are final. . . ." *Langere v. Verizon Wireless Serv., LLC*, 983 F.3d 1115, 1118 (9th Cir. 2020) (citation and internal quotation marks omitted). "[A]n order is generally considered final and appealable when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. . . ." *Fantasia v. Diodato*, 154 F.4th 1123, 1128 (9th Cir. 2025) (citation and internal quotation marks omitted).

Brown's motion under Rule 60(b) addressed the district court's order severing a class action in which Brown was the lead plaintiff. However, a severance order does not constitute a final judgment. Rather, the severance order creates an "entirely new and independent case." *Herklotz v. Parkinson*, 848 F.3d 894, 898 (9th Cir. 2017). Thus, we lack jurisdiction to consider Brown's appeal.

*See id*. at 898-99.

**APPEAL DISMISSED.**[1]

---

[1] The Motion for Amendment of Opening Brief (#52) is granted. The Motion for Permissive Joinder of Parties Pursuant to USCS Fed. Rules Civ. Proc. R 20(a)(1)(A)(B) (#21) is denied.